# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2013

Lyle W. Cayce
Clerk

No. 12-20030
Summary Calendar

JEANNA MARIE GREER,

Plaintiff-Appellant

v.

HARRIS COUNTY, TEXAS, In its capacity as a Political Subdivision and/or
Governmental Unit of the State of Texas; CHARLES A. BALLARD, Individually,
and in his official capacity as a Harris County Sheriff's Department Civilian
Detention Officer; JACOREY B. DOZIER, Individually, and in his official
capacity as a Harris County Sheriff's Department Civilian Detention Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-817

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jeanna Marie Greer appeals the district court's judgment, following a
bench trial, that she take nothing from the defendants in her civil rights suit
under 42 U.S.C. § 1983.  Greer first contends that the district court clearly erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in finding that she impeded detention officers while they were aiding a sick inmate and that the force used to control her was not excessive.

We review the district court's conclusions of law de novo and findings of fact, including its rulings on excessive use of force, for clear error. *See Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998). "A factual finding is not clearly erroneous as long as it is plausible in the light of the record read as a whole." *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009) (internal quotation marks and citation omitted). The factual findings challenged by Greer were supported by the testimony of detention officers Stephen Hernandez, Charles Ballard, and Jacorey Dozier, which the district court credited over the evidence presented by Greer. In light of the record as a whole, the challenged findings were plausible and, thus, not clearly erroneous.

Greer also challenges the district court's findings that Harris County adequately investigated the complaints against Ballard and Dozier for excessive force and that Ballard and Dozier were not inadequately trained or supervised. There is no authority for an award of damages against a governmental unit based on the actions of particular officers when the factfinder has found that those officers inflicted no constitutional harm. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Greer has not shown that the district court erred concerning this issue.

Finally, Greer asserts that the district court erred regarding its management of discovery and the denial of a jury trial. The record of the final pretrial conference reflects that Greer's only remaining discovery requests were resolved without objection by her. While the record reflects that Greer initially demanded a jury trial, she did not object to the district court's subsequent scheduling of the case as a bench trial. The record reflects a "conference memorandum" filed by the district court one month before trial clearly setting this case as a bench trial. Greer was aware that the case was scheduled as a bench trial because she mentioned that the case would be a bench trial in three

separate pre-trial pleadings without taking any exception to the failure to schedule the case as a jury trial. When the case was called for a bench trial, she again made no objection and participated with counsel in the trial. Under our precedents, then, Greer's arguments are unavailing. *See Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir. 1987); *Jerry Parks Equip. Co. v. Se. Equip. Co.*, 817 F.2d 340, 342 (5th Cir. 1987). Her counsel's suggestion that the district court harbors personal animosity towards him does not provide an excuse for failure to object to the scheduling of a bench trial rather than a jury trial or to discovery rulings. This argument, raised for the first time in a reply brief, is also untimely. *See Valle v. City of Houston*, 613 F.3d 536, 544 n.5 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.